# Burk & McFetridge's Assigned Estate.

*Payment—Evidence—Burden of proof.*

Where in proceedings before an auditor appointed to distribute the proceeds of the sale of an assigned estate of an insolvent corporation, a married woman establishes by competent proof that she had loaned money to the corporation, and the auditor finds this as a fact, the burden of showing payment of the debt is on those alleging it; and the positive evidence of the woman and her husband that the debt had not been paid is not overcome by entries in the books of the corporation against the woman made by the defaulting bookkeeper or treasurer of the company, which entries did not show upon what account the payments were made.

Argued Jan. 27, 1903. Appeal, No. 186, Jan. T., 1902, by Elizabeth McFetridge, from order of C. P. No. 3, Phila. Co., March T., 1900, No. 767, overruling exceptions to auditor's report in Burk & McFetridge's Assigned Estate. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Exceptions to auditor's report.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*William F. Johnson*, for appellant.

*John Dickey*, Jr., for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 20, 1903 :

For some years prior to March 20, 1893, John R. McFetridge and William M. Burk were associated as partners in the printing business. On the day mentioned the partnership was dissolved, Burk selling his interest therein to McFetridge. The assignor company was then incorporated and took the assets of the late firm as the property of McFetridge who became the president and manager of the corporation. Burk was paid $60,000 for his interest in the partnership, $39,000 in cash, and the notes of the corporation for $21,000, payable in three years. In 1896, the indebtedness due Burk on the

notes had been reduced to $13,000. He then desired the amount paid, but the corporation was without funds to meet the obligation. Mrs. Elizabeth McFetridge, the appellant, offered to, and did, furnish to the corporation $13,000 with which it paid Burk's indebtedness. She raised the money by mortgaging her separate real estate. The above facts were found by the auditor. Subsequently Mrs. McFetridge was paid $2,000 on the loan, leaving still due her the sum of $11,000.

On April 21, 1900, the Burk & McFetridge Company made an assignment for the benefit of its creditors. The assignees filed their first account in June, 1901, showing a balance in their hands for distribution of $32,071.99. The account was referred to an auditor to make distribution. Mrs. McFetridge appeared before him and presented for allowance her claim of $11,000. The auditor found " that the amount of loan made by Elizabeth McFetridge to the Burk & McFetridge Company has been paid back, and that the debt has been satisfied, and he therefore disallows the claim." The court below, without filing an opinion and evidently with little consideration, entered a decree dismissing Mrs. McFetridge's exceptions to the auditor's report.

The error of the auditor in disallowing the appellant's claim is manifest on the face of his report. In the report it is said : " Mrs. McFetridge, the claimant, has testified that she loaned the sum of $13,000 to the company in October, 1896, which money she obtained by mortgages created by her on her separate estate, in which statement she was corroborated by her husband, John R. McFetridge. There was no evidence to contradict that statement, and in the absence thereof we must assume that the money was paid by Mrs. McFetridge." The auditor, therefore, finds that the appellant in October, 1896, loaned the corporation $13,000 of her own separate estate, and that the money was applied to the payment of the corporation's indebtedness to Burk. Unless the loan had been paid at the time of the audit, it should, of course, participate with other claims in the distribution of the money in the hands of the accountants. After the appellant's claim had been established by undisputed testimony and to the satisfaction of the auditor, the burden of showing payment was on those alleging it, and unless this responsibility was met by competent and satisfactory

testimony, the claim should have been allowed. The auditor undertakes to show from the evidence that the claim was paid, and then concludes as follows: " In this case the weight of the evidence is against the claimant, and while it may seem hard that the claimant should lose money which she took from her private estate to loan to the company, it would be equally hard upon the other creditors to allow her claim unless sustained by the clearest kind of proof." This language is not only self-contradictory, but, as we have seen, the auditor had already found in a former part of his report that by the uncontradicted evidence the loan had been made to the corporation and the money had been used to pay its debts. From the fact that he disallowed the claim under the evidence submitted, the auditor evidently meant that the appellant was required to show " by the clearest kind of proof " that it had not been paid. He admitted as evidence against the appellant's objection certain cash books of the insolvent debtor, by which it appeared that various sums of money, aggregating $17,000, had been paid by the corporation to Mrs. McFetridge. Many, if not all, of the entries or charges in these books against Mrs. McFetridge were made by the defaulting bookkeeper or treasurer of the company. The books did not disclose upon what account these payments were made, and hence did not show that they were applicable to the loan on which this claim is made against the corporation. Recognizing the total insufficiency of the evidence, even if it were competent as tending to establish payment of the claim, the auditor, presumably in corroboration of it, says that Samuel L. McFetridge testified that he made some of the entries in the books after 1898, and " that he believed Mrs. McFetridge received the money." Save the fact that Mrs. McFetridge is the wife of John R. McFetridge, to which the auditor alludes as discrediting the claim, he neither quotes nor refers to any other testimony as sustaining his conclusion that " the weight of the evidence is against the claimant." We have carefully read all of the testimony printed in the paper-books, and there is nothing to be found in it that shows payment of any part of Mrs. McFetridge's claim. The evidence on which the auditor rests his finding does not, as is apparent from his report, support the conclusion that the claim was paid. Conceding the cash books to have been properly kept and that the money there-

in charged against Mrs. McFetridge was received by her, there is a total absence of evidence tending to show that the money received by her was to be applied. to her $13,000 loan.   The auditor admits that the books of the corporation show there had been a prior loan of $15,000 by Mrs. McFetridge to the corporation, but he infers that the moneys paid her, as disclosed by the cash books, were not applicable to that loan because her counsel stated that the loan had been paid and that her husband said he had assumed the indebtedness.   But McFetridge did not testify that the payments to his wife, shown by the cash books, were made on the $13,000 loan and not on the $15,000 loan.   On the contrary, as stated by the auditor in his report, both John R. McFetridge and Mrs. McFetridge testified that, except the credit of $2,000 which was admitted, no payments whatever had been made on the $13,000 loan.   This evidence was not impeached nor contradicted, except by the evidence alluded to by the auditor from which he drew the unwarranted inference that the loan had been paid.   So clearly erroneous, as disclosed by his own report, was the conclusion of the auditor in rejecting the claim of the appellant, that the learned court below should have sustained the exceptions to the report and directed the allowance of the claim.

It should be said that the auditor is not alone responsible for the incorrect result at which he arrived.   The course pursued by appellant's counsel in proving the claim logically resulted in confusion and in a misapprehension of the merits of the claim.   Had he rested on the oral testimony which was undisputed and from which the auditor found the loan to have been made, and had he himself not attempted to introduce into the case the books of the corporation, the chances for an erroneous conclusion by the auditor would have been greatly diminished.   This, however, cannot be allowed to prevail against the manifest right of the appellant to have her claim paid out of the fund for distribution.

We do not have before us the distribution made by the auditor, and must, therefore, direct that the error be corrected by the court below.   The decree is reversed at the cost of the appellee, and it is now ordered and directed that the court below recommit the matter to the auditor with instructions to allow the claim of the appellant to participate in the distribution of the funds in the hands of the accountants.